IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERVIN LAMONTE HOLLOMAN, ) | |
|     Plaintiff, ) | Case No. 7:23-cv-00117 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| VIRGINIA DEPARTMENT OF ) | Chief United States District Judge |
| CORRECTIONS, et al., ) | |
|     Defendants. ) | |

### MEMORANDUM OPINION

Ervin Lamonte Holloman, a Virginia inmate proceeding pro se, filed this civil action against the Virginia Department of Corrections ("VDOC") and the Commonwealth of Virginia. The case is now before the court for review under 28 U.S.C. § 1915A. Having reviewed the complaint, the court concludes that it must be dismissed.

### I.  Background

Holloman is currently incarcerated at Keen Mountain Correctional Center. His complaint is styled as a "notice of claim pursuant to the Virginia Tort Claim[s] Act." Compl., ECF No. 1, at 1. On the first page, Holloman indicates that he is seeking relief for discrimination; obstruction of justice; constitutional violations; arbitrary and capricious decisions; and violations of VDOC operating procedures. Id. The complaint includes a "statement" of 41 claims, each of which is pled in a stream-of-conscious manner that is difficult, if not impossible, to follow. Id. at 2–42. He seeks to recover punitive damages and to be transferred to a facility in Hawaii. Id. at 1–2.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. Discussion

Having reviewed the complaint, the court concludes that Holloman's claims against the VDOC and the Commonwealth of Virginia are subject to dismissal for at least three reasons. First, to the extent Holloman seeks to hold the VDOC and the Commonwealth of Virginia liable for alleged constitutional violations under 42 U.S.C. § 1983, neither defendant is a "person" subject to liability under the statute. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

Second, claims against the defendants under § 1983 and the Virginia Tort Claims Act ("VTCA") are barred by the Eleventh Amendment. Under the Eleventh Amendment, "an unconsenting State is immune from suit brought in federal court by her own citizens as well

2

as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662–63 (1974). This protection also extends to state agencies and instrumentalities, Regents of Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997), including the VDOC. See Johnson v. McCowan, 549 F. Supp. 3d 469, 475 (W.D. Va. 2021) ("The court will grant the motion to dismiss all claims against the VDOC because it is immune from suit under the Eleventh Amendment."). Therefore, absent waiver or abrogation of sovereign immunity, any claims against the Commonwealth of Virginia and the VDOC "are barred regardless of the relief sought." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

In this case, the immunity afforded by the Eleventh Amendment has not been waived. Nor has it been abrogated with respect to any claims under § 1983 or the VTCA. "While Congress may abrogate a State's Eleventh Amendment immunity by express statutory language, it has long been settled that 42 U.S.C. § 1983 . . . does not effect such an abrogation." In re Sec'y of Dep't of Crime Control & Pub. Safety, 7 F.3d 1140, 1149 (4th Cir. 1993). Likewise, while the VTCA "waive[s] sovereign immunity for tort claims filed in state courts," it "does not waive the state's eleventh amendment immunity" in federal courts. McConnell v. Adams, 829 F.2d 1319, 1329 (4th Cir. 1987). Consequently, such claims against the Commonwealth of Virginia and the VDOC are barred by the Eleventh Amendment.

Finally, to the extent that any causes of action referenced in the complaint are not barred by the Eleventh Amendment, the complaint is nonetheless subject to dismissal for failure to state a claim upon which relief may be granted. It is well settled that a complaint must contain more than "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement." Twombly, 550 U.S. at 555–57. Because Holloman's complaint does not

"contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" it must be dismissed on this basis as well. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)).

## IV. Conclusion

For the foregoing reasons, the court will dismiss Holloman's complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: April 11, 2023

Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
Date: 2023.04.11 08:50:49 -04'00'

Michael F. Urbanski
Chief United States District Judge